1 | MATTHEW L. SEROR (SBN: 235043)
    mseror@buchalter.com
2 | BUCHALTER NEMER
    A Professional Corporation
3 | 1000 Wilshire Boulevard, Suite 1500
    Los Angeles, CA 90017-2457
4 | Telephone: (213) 891-0700
    Facsimile: (213) 896-0400

5

6 | Attorneys for Plaintiff
    HYBRID PROMOTIONS, LLC

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | HYBRID PROMOTIONS, LLC,
     a California limited liability company,

Case No. 2:16-cv-02227

12 | Plaintiff,

**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

13

14 | vs.

15 | DANIEL ZASLAVSKY, an individual,

16 | Defendant.

17

18 | Plaintiff Hybrid Promotions, LLC ("Plaintiff"), by and through its attorneys,

19 | brings this action and alleges against Defendant Daniel Zaslavsky ("Defendant"), as

20 | follows:

21 | ## NATURE OF THE ACTION

22 | 1. This is an action seeking a declaratory judgment that (1) Defendant

23 | cannot institute or prosecute copyright infringement claims against Plaintiff because

24 | Defendant is not the legal or beneficial owner of any exclusive right under the

25 | copyright at issue; and (2) that Plaintiff has not infringed upon any copyright rights

26 | of Defendant. In letters sent on Defendant's behalf by his attorney, Defendant has

27 | alleged that Plaintiff has infringed his purported rights in a photograph and

28 | repeatedly threatened to commence litigation against both Plaintiff and it customer

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 19321680v1

COMPLAINT

1 for copyright infringement. Defendant's continued threats and allegations of
2 infringement have harmed and will continue to harm Plaintiff and its business. As
3 such, Plaintiff seeks redress from this Court to afford relief from Defendant's
4 baseless and unfounded allegations.

## JURISDICTION AND VENUE

6     2.     This Court has subject matter jurisdiction over this matter pursuant to
7 the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*; 28 U.S.C. §§ 1331 and
8 1338. The claims alleged herein arise under The Copyright Action of 1976,
9 Title 17 U.S.C. § 101, *et seq.*

10     3.     This Court has personal jurisdiction over Defendant because, by his
11 business and actions against Plaintiff in this district, as detailed herein, Defendant
12 has expressly aimed his activities at this district, availing himself of this forum.

13     4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391
14 because a substantial part of the events giving rise to Plaintiff's claims occurred in
15 this judicial district.

## THE PARTIES

17     5.     Plaintiff is a California limited liability company with its principal
18 place of business located at 10711 Walker Street, Cypress, California, 90630.

19     6.     Plaintiff is informed and believes, and on that basis alleges, that
20 Defendant is an individual residing in the State of California. Plaintiff is further
21 informed and believes, and on that basis alleges, that Defendant is a photographer.

## FACTS

23     7.     Plaintiff designs, develops, sources, produces and distributes apparel.
24 Plaintiff sells the apparel it produces to retailers for ultimate sale to consumers.

25     8.     In or about the fall of 2015, Plaintiff manufactured and sold a t-shirt to
26 one of its customers – retailer Forever 21, Inc. ("F21"). The t-shirt included an
27 image of a skakeboarder performing a jump (the "Subject Garment").
28 ///

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

COMPLAINT
BN 19321680v1

9.   On January 28, 2016, Defendant, through his attorneys, sent to F21 a cease-and-desist letter relating to the Subject Garment.  In the letter, Defendant alleges that the Subject Garment (and specifically the image on the garment) infringes upon a photograph Defendant alleges he took.  The cease-and-desist letter demands, among other things, that F21 cease sales of the Subject Garment and provide Defendant with an accounting of sales of the Subject Garment.  A true and correct copy of the cease and desist letter is attached hereto as **Exhibit "A."**

10.   On or about February 2, 2016, and in response to Defendant's letter dated January 28, 2016, F21 sent to Plaintiff a demand to defend and indemnify F21 pursuant to its contractual obligations for the claims alleged by Defendant.

11.   On February 29, 2016, Defendant, through his attorneys, sent to Plaintiff a cease-and-desist letter wherein Defendant alleged that the Subject Garment infringed upon his rights in a photograph he allegedly took.  A true and copy of Defendant's cease-and-desist letter, dated February 29, 2016, is attached hereto as **Exhibit "B."**

12.   In the cease-and-desist letters to both F21 and Plaintiff, Defendant acknowledges that the photograph at issue appeared on the cover of the May 2007 edition of *Thrasher* magazine, which is published (according to Defendant) by High Speed Productions, Inc. ("High Speed").

13.   The cease-and-desist letters further acknowledge that High Speed applied for and obtained Copyright Registration No. TX0006631345 in January 2008 covering the May 2007 edition of *Thrasher* magazine, among others.

14.   The cease-and-desist letters to both F21 and Plaintiff are premised on the alleged infringement of Copyright Registration No. TX0006631345, and this is the only copyright registration referenced in the letters.

15.   Plaintiff is informed and believes, and on that basis alleges, that at the time Defendant took the photograph at issue (as alleged), it was pursuant to a work-for-hire agreement with High Speed or that he subsequently assigned his rights in

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT
BN 19321680v1

the subject photograph to High Speed prior to its submission of its copyright registration application to the United States Copyright Office.

## COUNT I

### Declaratory Judgment That Defendant Is Not Entitled to Institute a Copyright Infringement Claim Against Plaintiff

16. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1-15 as though fully set forth herein.

17. Plaintiff is informed and believes, and on that basis alleges, that as of the filing of this action, and at the time the alleged infringement took place, Defendant is not (and has not been) the legal or beneficial owner of an exclusive right under copyright (and specifically Copyright Registration No. TX0006631345), as set forth in 17 U.S.C. § 501(b).

18. As a result of not being the legal or beneficial owner of any exclusive right under the copyright registration at issue, Defendant is not entitled to institute an action for the infringement of Copyright Registration No. TX0006613145.

19. Despite not being entitled to institute an action for the infringement of Copyright Registration No. TX0006613145, Defendant has sent the cease-and-desist letters attached hereto wherein he threatens to institute an action for the infringement of Copyright Registration No. TX0006613145.

20. In light of the facts alleged herein and Defendant's repeated and continued threat of litigation, the dispute between Plaintiff and Defendant is definite, immediate and substantial.

21. By this Complaint, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Defendant is unable to institute or prosecute claims for infringement of Copyright Registration No. TX0006613145 pursuant to 17 U.S.C. §501.

///

///

22.   Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and afford relief from the uncertainty and harm that Defendant's allegations have caused.

## COUNT II

### Declaratory Judgment of No Copyright Infringement

23.   Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1-15 as though fully set forth herein.

24.   Defendant has alleged in two cease-and-deist letters that the Subject Garment infringes upon Copyright Registration No. TX0006613145.

25.   Defendant has alleged that the Subject Garment infringes upon his copyright rights and that the image on the Subject Garment is substantially similar to his photograph.

26.   The image on the Subject Garment does not infringe upon Defendant's rights in his photograph.

27.   The image on the Subject Garment is not substantially similar to the photograph which Defendant claims rights in.

28.   An actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant concerning whether the Subject Garment infringes upon Defendant's rights and whether the image on the Subject Garment is substantially similar to the photograph Defendant claims rights in.

29.   In light of the facts alleged herein and Defendant's repeated and continued threat of litigation, the dispute between Plaintiff and Defendant is definite, immediate and substantial.

30.   By this Complaint, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Plaintiff and F21 have not infringed upon the rights of Defendant related to the Subject Garment.

///

31.    Plaintiff is entitled to a declaratory judgment of its rights under 28 U.S.C. § 2201 in order to resolve the dispute existing between the parties and afford relief from the uncertainty and harm that Defendant's allegations have caused.

## PRAYER FOR RELIEF

Therefore, Plaintiff Hybrid Promotions, LLC prays for judgment against Defendant Dan Zaslavsky as follows:

For a declaratory judgment that:

1.    Defendant is unable to institute or prosecute claims for infringement of Copyright Registration No. TX0006613145 against Plaintiff or F21;

2.    The Subject Garment does not infringe upon any copyright rights of the Defendant; and

3.    Such other relief as this Court deems just and proper.

Dated:  March 31, 2016                    BUCHALTER NEMER
                                          A Professional Corporation


                                    By: _____/s/_____
                                          MATTHEW L. SEROR
                                          Attorneys for Plaintiff
                                          HYBRID PROMOTIONS, LLC

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in Plaintiff's Complaint that are triable by jury.

Dated:  March 31, 2016

BUCHALTER NEMER
A Professional Corporation


By: _____/s/_____
                 MATTHEW L. SEROR
Attorneys for Plaintiff
HYBRID PROMOTIONS, LLC

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

7

COMPLAINT
BN 19321680v1

# EXHIBIT A



**KUSHNIRSKY GERBER PLLC**
115 West 18th Street, 2nd Floor
New York, NY 10011
kgfirm.com

O: (212) 882-1320
F: (917) 398-1487

**Andrew Gerber, Member**
**andrew@kgfirm.com**

January 28, 2016

**By First Class Mail and Email**

Forever 21, Inc.
3880 N. Mission Road
Los Angeles, CA 90031
ip@Forever 21.com

To Whom It May Concern:

Our client Dan Zaslavsky is an accomplished skateboard photographer. In May 2007, the popular skateboarding magazine Thrasher ran one of Mr. Zaslavsky's iconic skate photographs (hereinafter, the "Photograph"), pictured below, as its cover.



1

**Exhibit "A" (Page 1 of 4)**

This cover, pictured below, is one of the most famous in the magazine's 35-year history and the Photograph remains one of the most recognizable, iconic skateboarding photographs to date.



In 2012, the Photograph appeared on the cover of the book *Maximum Rad: The Iconic Covers of Thrasher Magazine*, published by Random House. Mr. Zaslavsky owns all rights in the Photograph.

It has recently come to our attention that Forever 21, Inc. (hereinafter, "Forever 21") has created, advertised, and sold the Boy's Graphic Tee (hereinafter, the "Forever 21 T-Shirt"), pictured below, in its stores and on its website at forever21.com. As of the date of this letter, the Forever 21 T-Shirt is featured as part of a themed promotion on forever21.com called "Street Stud: Cool Street Inspired Pieces."



2

**Exhibit "A" (Page 2 of 4)**

The Forever 21 T-Shirt includes a sizeable portion of the Photograph, namely the subject skater of the Photograph, transposed onto a slightly modified background.  Forever 21 does not have any license or consent from Mr. Zaslavsky to use the Photograph or any portion thereof in this manner, nor did anyone from Forever 21 ever contact Mr. Zaslavsky or Thrasher Magazine in order to make such an inquiry.

We are aware that Forever 21 routinely creates its own versions of existing clothing designs, and that Forever 21 has been sued many times in connection with claims of intellectual property infringement relating to such conduct.  We are also aware that copyright law as it pertains to garment design is far from settled and that numerous courts have ruled against designers challenging the sale of supposed knockoff garments.

That said, the infringement here is entirely distinct from the issue of modified garment design. Here, Forever 21's conduct involves the unlawful use of a sizeable, dominant portion of a photograph copied onto an item of clothing without consent from the photographer.  While it is understandable why Forever 21 chooses to litigate and defend itself in court against accusations of copying of clothing design, Forever 21 has nothing to gain from attempting to defend against such copying of an actual photograph.

Such unlawful use of the Photograph on the Forever 21 T-Shirt infringes Mr. Zaslavsky's copyright in the Photograph in violation of U.S. Copyright Law, 17 U.S.C. §501.  The laws entitle Mr. Zaslavsky to a range of remedies, including injunctive relief and recovery of Forever 21's profits attributable to this direct, willful infringement.

Based on the foregoing, we demand that you:

1)      Immediately cease and desist from any further infringing sales of the Forever 21 T-Shirt or any further unlawful use of the Photograph without our client's explicit written authorization;

2)      Provide us with an accounting of Forever 21's total gross revenue from sales of the Forever 21 T-Shirt; and

3

**Exhibit "A" (Page 3 of 4)**

3)      Provide us with a complete list of all locations, both online and in stores, where the Forever 21 T-Shirt was advertised and offered for sale.

We request your full compliance with the above demands, and your written confirmation of same, by no later than February 11, 2016.  The timely receipt of such information will assist us in arriving at an appropriate monetary settlement demand in this matter.  We trust that Forever 21 shares our desire to resolve this amicably without unnecessary, costly litigation, but please be assured that we are prepared to resolve this in court if necessary.

This letter is without prejudice to our client's rights or remedies, all of which are expressly reserved.

Sincerely,

Andrew Gerber
*Counsel for Dan Zaslavsky*

**Exhibit "A" (Page 4 of 4)**

# EXHIBIT B

Case 2:16-cv-02227-RAO   Document 1   Filed 03/31/16   Page 13 of 16   Page ID #:13



**KUSHNIRSKY GERBER PLLC**
115 West 18th Street, 2nd Floor
New York, NY 10011
kgfirm.com

O: (212) 882-1320
F: (917) 398-1487

**Andrew Gerber, Member**
**andrew@kgfirm.com**

February 29, 2016

**By First Class Mail and Email**

Hybrid Promotions, LLC d/b/a Hybrid Apparel
10711 Walker Street
Cypress, CA 90630
bmcgovern@hybridapparel.com

To Whom It May Concern:

Our client Daniel Zaslavsky is an accomplished skateboard photographer.  In May 2007, the popular skateboarding magazine *Thrasher* ran one of Mr. Zaslavsky's iconic skate photographs (hereinafter, the "Photograph"), pictured below, as its cover.  Mr. Zaslavsky owns all rights in the Photograph.



1

**Exhibit "B" (Page 1 of 3)**

This cover, pictured below, is one of the most famous in the magazine's 35-year history and the Photograph remains one of the most recognizable, iconic skateboarding photographs to date.



*Thrasher* is published by High Speed Productions, Inc. ("High Speed"), which sought and obtained copyright registrations for issues of the magazine during at least the period from 1996 to 2010 as a matter of course.  High Speed obtained Registration No. TX0006631345 on January 16, 2008 covering all issues of *Thrasher* published in 2007, including the May 2007 issue.

It has recently come to our attention that Hybrid Promotions, LLC d/b/a Hybrid Apparel (hereinafter, "Hybrid") created, sold, and supplied the graphic t-shirt (hereinafter, the "Infringing T-Shirt") pictured below to the popular clothing chain Forever 21.



**Exhibit "B" (Page 2 of 3)**

The Infringing T-Shirt includes a sizeable portion of the Photograph, namely the subject skater of the Photograph, transposed onto a slightly modified background.  Hybrid does not have any license or consent from Mr. Zaslavsky to use the Photograph or any portion thereof in this manner, nor did anyone from Hybrid ever contact Mr. Zaslavsky or High Speed in order to make such an inquiry.

Such unlawful use of the Photograph on the Infringing T-Shirt infringes Mr. Zaslavsky's copyright in the Photograph in violation of U.S. Copyright Law, 17 U.S.C. §501.  As High Speed obtained a copyright registration for the May 2007 issue of Thrasher well before Hybrid's infringing use of the Photograph, Mr. Zaslavsky is entitled to claim statutory damages up to $150,000 and attorneys' fees under 17 U.S.C. §504.  *See Alaska Stock, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, 747 F.3d 673, 685 (9th Cir. 2014); *Bean v. Houghton Mifflin Harcourt Publ'g Co.*, 585 Fed. Appx. 322 (9th Cir. 2004).

We therefore demand that you immediately cease and desist from any further infringing sales or distribution of the Infringing T-Shirt or any further unlawful use of the Photograph without our client's explicit written authorization.  We must also ask that you contact us immediately to discuss potential amicable settlement of this matter.  We trust that Hybrid shares our desire to resolve this amicably without unnecessary, costly litigation, but please be assured that we are prepared to resolve this in court if necessary.  We request your full compliance with the above demands by no later than March 8, 2016.

This letter is without prejudice to our client's rights or remedies, all of which are expressly reserved.

Sincerely,

Andrew Gerber
*Counsel for Daniel Zaslavsky*

3

**Exhibit "B" (Page 3 of 3)**